IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BUNGE, S.A., | Case No. 3:19-cv-00491-SB |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| PACIFIC GULF SHIPPING (SINGAPORE) PTE. LTD., PACIFIC GULF SHIPPING CO. LTD., and DOES 1 through 100, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Bunge S.A. ("Bunge") filed this action against defendants Pacific Gulf Shipping (Singapore) Pte. Ltd. ("PGS-S") and Pacific Gulf Shipping Co. Ltd. (Marshall Islands) ("PGSC-MI") for the recognition, confirmation, and enforcement of a final arbitration award in the amount of $2,116,353, in addition to attorney's fees, costs, and interest (the "Award"), rendered by the London Maritime Arbitrators Association ("LMAA") in London, England. Bunge also seeks a finding from the Court that an "alter ego" relationship exists between defendants PGS-S and PGSC-MI.

In accordance with Fed. R. Civ. P. 55(a), the Clerk entered default against PGS-S and PGSC-MI on May 31, 2019. Bunge now moves for entry of default judgment against PGS-S and PGSC-MI pursuant to Fed. R. Civ. P. 55(b). The Court has jurisdiction over this matter pursuant to 9 U.S.C. § 203, 28 U.S.C. § 1331, and 28 U.S.C. § 1333. For the reasons set forth below, the Court recommends that the district judge grant Bunge's motion for default judgment.

## BACKGROUND

Bunge is a foreign corporation, based in Geneva, Switzerland. (Compl. ¶ 4.) Defendant PGS-S is a private company organized and existing pursuant to the laws of Singapore. (Compl. ¶ 5.) PGS-S is registered as a foreign business corporation with the Oregon Secretary of State, with its registered agent located in Multnomah County, Oregon. (Compl. ¶ 5.) Defendant PGSC-MI is a private company organized under the laws of The Marshall Islands. (Compl. ¶ 6.)

Bunge chartered the M/V Suprastar to PGS-S pursuant to a charter form dated January 1, 2018 (the "Charter"). (Compl., Ex. 1.) The Charter provided for a time charter trip from the Black Sea in Novorossiysk, Russia, to Bangladesh, on terms and conditions set out in the Charter. (Compl. ¶ 7.) Pursuant to the Charter, PGS-S was to pay Bunge at a daily hire rate of $15,000 per day, payable every fifteen days in advance, from the time of the vessel's delivery to continue until the hour of the day of re-delivery. (Compl. ¶ 9.) The Charter further provided that any disputes arising from the Charter were to be arbitrated in London, England, under English law. (Compl. ¶ 9.) PGS-S failed to pay Bunge in accordance with the Charter from May 23, 2018 to October 12, 2018. (Compl. ¶ 11.)

In July 2018, Bunge commenced an arbitration proceeding against PGS-S before the LMAA in London, England. (Compl. ¶ 12.) On December 4, 2018, the LMAA issued its Award in favor of Bunge and against PGS-S in the amount of $2,116,353.11, plus an interest rate of five percent per annum to be compounded at three-month intervals from August 2, 2018 to the date of

PAGE 2 – FINDINGS AND RECOMMENDATION

payment, and costs plus five percent annual interest thereon. (Compl. ¶ 13 and Ex. 2.) On January 17, 2019, the High Court of Justice for the Business and Property Courts of England and Wales certified the Arbitration Award as "final and binding on the parties and any persons claiming through or under them" for the purpose of enforcement abroad. (Compl. ¶ 14 and Ex. 3.)

On April 3, 2019, Bunge filed this case, seeking the recognition, confirmation, and enforcement of the December 2018 Award under the Federal Arbitration Act ("FAA"), and a finding that an "alter ego" relationship exists between PGS-S and PGSC-MI. (ECF No. 1.) Bunge served PGS-S with the summons and complaint on April 9, 2019 (ECF No. 13), and served PGSC-MI on April 23, 2019 (ECF No. 14). Neither PGS-S or PGSC-MI has filed an answer or otherwise appeared in this action.

The Court granted Bunge's motions for entry of default, and the Clerk of Court entered default as to both PGS-S and PGSC-MI on May 31, 2019. (ECF Nos. 21, 23.) Bunge's motion for default judgment followed. (ECF No. 26.)

## ANALYSIS

### I. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 55(a), the Clerk of Court is required to enter an order of default if a party against whom affirmative relief is sought has failed timely to plead or otherwise defend an action. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Once default has been entered, a defaulting defendant is considered to have admitted all of the well-pleaded allegations of fact in the plaintiff's complaint. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)

(citations omitted) ("[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

Fed. R. Civ. P. 55(b) authorizes a court to enter default judgment against a party whose default has been entered by the clerk. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising this discretion, courts in this circuit consider the factors articulated in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). *See J&J Sport Prods., Inc. v. Salas*, No. 13–cv–05553, 2015 WL 3429153, at *2 (N.D. Cal. May 27, 2015). The *Eitel* factors are: (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claims, (3) the sufficiency of the operative complaint, (4) the sum of money at stake in the litigation, (5) the possibility of dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

## II. DISCUSSION

### A. Default Judgment

Bunge has satisfied all of the procedural requirements for entry of default judgment. Bunge timely served its complaint and summons on both PGS-S and PGSC-MI, and although Bunge was not required to notify the defendants of its motion for default judgment, Bunge served both defendants with its motion. (ECF Nos. 27, 29.) Accordingly, the Court has no concerns regarding whether the defendants received proper notice of these proceedings.

### B. The Arbitration Award

Bunge seeks recognition, confirmation, and enforcement of the December 2018 Award. The FAA incorporates the Convention on the Recognition and Enforcement of Foreign Arbitral

Awards (the "Convention"), enabling enforcement in the United States of foreign arbitration awards that fall under the Convention. *See* 9 U.S.C. § 201.

The Award falls under the Convention because it arose out of a legal commercial relationship not between citizens of the United States. *See* 9 U.S.C. § 202. Once these requirements are satisfied, "[t]he court *shall* confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the [] Convention." 9 U.S.C. § 207 (emphasis added). Defendants have not appeared to submit proof that any refusal or deferral grounds apply here, and therefore the FAA requires that the Court recognize, confirm, and enforce the Award.

### C. PGS-S and PGSC-MI's Alter-Ego Relationship

Bunge also seeks a finding that an alter ego relationship exists between PGS-S and PGSC-MI. Bunge alleges that PGS-S and PGSC-MI are part of a single business enterprise, known as Pacific Gulf Shipping ("PGS"), that operates in the maritime industry as ship brokers and charter operators. (Compl. ¶¶ 15-18.) Bunge alleges that PGS-S has shifted its operations and assets to PGSC-MI and other PGS entities in order to avoid collection of monies it owes to Bunge. To prevent PGS-S from avoiding its obligation, Bunge seeks a declaration that an alter ego relationship exists between PGS-S and PGSC-MI, to pierce the corporate veil that typically shields liability of affiliated entities. *See, e.g., State ex rel. Neidig v. Superior Nat'l Ins. Co.*, 343 Or. 434, 454 (2007) ("'It is well established that where corporate affairs are confused with those of . . . an affiliate corporation the corporate veil may be lifted to protect persons whose rights have been jeopardized by the corporate device.'") (citation omitted).

Accepting the allegations in Bunge's complaint as true, as it must on a motion for default judgment, the Court finds that PGS-S and PGSC-MI are acting as a single business enterprise. PGS-S and PGSC-MI are commonly owned, operated, and controlled by Masood Tariq

PAGE 5 – FINDINGS AND RECOMMENDATION

Baghpatee and Faisal Baghpati (Compl. ¶¶ 19-27), and have blurred their separate corporate identities. (Compl. ¶¶ 28-29.) PGS-S and PGSC-MI commingle assets, use the same bank account, and do not maintain arms'-length relationships with other PGS entities. (Compl. ¶¶ 30-34.) Finally, PGS-S and PGSC-MI have shifted their assets around to avoid collection from creditors, including Bunge. (Compl. ¶¶ 35-42.) Both federal common law and Oregon state law support the finding of an alter ego relationship between PGS-S and PGSC-MI.

### D. The *Eitel* Factors

The *Eitel* factors, when considered together, weigh in favor of granting default judgment:

- First factor (prejudice): Bunge will suffer prejudice if the Court declines to enter default judgment, because Bunge complied with the Charter to resolve disputes by arbitration but PGS-S has refused to pay the final arbitration award and Bunge's collection efforts have proven futile. *See Laborers' Int'l Union of N. Am., Local 89, AFL-CIO v. MEK Enters.*, No. 317CV01614BENNLS, 2017 WL 6049380, at *2 (S.D. Cal. Dec. 5, 2017) ("Petitioner will be prejudiced if it has no way of enforcing the arbitration award.").

- Second (merits) and third (sufficiency of complaint) factors: As discussed above, the facts Bunge alleges in its complaint support enforcement of the Award and a finding that PGS-S and PGSC-MI are alter egos.

- Fourth factor (money at stake): In evaluating the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendants' conduct. Here, the amount in controversy was the result of an arbitration proceeding, and PGS-S had the opportunity to dispute the amount at the arbitration proceeding or by filing an appeal. Although Bunge's alleged damages are high, the damages are consistent with the factual allegations in

Bunge's complaint. For these reasons, the fourth *Eitel* factor weighs in favor of granting default judgment.

- Fifth factor (disputed facts): Bunge seeks to enforce an arbitration award that has been certified by the High Court of Justice for the Business and Property Courts of England and Wales. Even if the defendants have a different view of the underlying facts, the facts material to the recognition, confirmation, and enforcement of the Award appear to be undisputable.

- Sixth factor (excusable neglect): Both defendants were served, but failed to appear to defend this action, and it is therefore unlikely that their failure to appear was due to excusable neglect. *See, e.g.*, *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 919 n.19 (C.D. Cal. 2010) (finding that a failure to appear by the party was not due to excusable neglect where the plaintiff properly served the defendants).

- Seventh factor (public policy): The Ninth Circuit has endorsed the policy that cases be decided on the merits "whenever possible." *Eitel*, 782 F.2d at 1472. Nevertheless, the fact that Rule 55 provides for the availability of default judgment demonstrates that "this preference, standing alone, is not dispositive." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Courts may resolve a case by default judgment when a "decision on the merits [is] impractical, if not impossible." *Id.* Here, the defendants have chosen not to appear, rendering a decision on the merits impossible.

Considered together, the Court finds that the *Eitel* factors support entering default judgment in favor of Bunge.

### E. Damages

In entering default judgment, a court must accept the plaintiff's facts in the complaint as true, but the plaintiff must still prove damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915,

917-18 (9th Cir. 1987). "The plaintiff is required to provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011). "In determining damages, a court can rely on the declarations submitted by the plaintiff[.]" *Philip Morris USA Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).

Relying on the materials Bunge submitted in support of its motion, the Court recommends that the district judge award Bunge damages in the requested amount of $2,240,809.94 (consisting of the $2,116,353.11 Award, interest totaling $108,749.78 as of August 9, 2019, and the $15,707.05 in arbitration costs), and the costs Bunge incurred in bringing in this action.

## CONCLUSION

For the reasons stated, the Court recommends that the district judge GRANT Bunge's motion for default judgment (ECF No. 26), enter judgment against defendants PGS-S and PGSC-MI, and award damages in the amount of $2,240,809.94 and the costs incurred in this action (upon Bunge's submission of a cost bill).

## SCHEDULING ORDER

The Court will refer its Findings and Recommendation to a district judge. Objections, if any, are due within fourteen (14) days. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within fourteen (14) days. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 17th day of December, 2019.

*/s/ Stacie F. Beckerman*
STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 8 – FINDINGS AND RECOMMENDATION