IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BUNGE S.A.**, <br><br> Plaintiff, <br><br> v. <br><br> **PACIFIC GULF SHIPPING (SINGAPORE) PTE LTD., PACIFIC GULF SHIPPING CO. LIMITED, and DOES 1 through 100**, <br><br> Defendants. | Case No. 3:19-cv-00491-SB <br><br> **OPINION AND ORDER** |

**IMMERGUT, District Judge.**

Bunge S.A. ("Plaintiff") brings this action in order to confirm an arbitration award under the Convention on Recognition and Enforcement of Foreign Arbitral Awards. ECF 1 at ¶¶ 1–3 (citing 9 U.S.C. § 201 *et seq.*). Defendants are Pacific Gulf Shipping (Singapore) Pte. Ltd. ("PGS-S"), Pacific Gulf Shipping Co. Limited ("PGSC-MI"), and Does 1 through 100. *Id.* at ¶¶ 5–6. The parties' underlying dispute concerns payment required by a maritime contract, or charter party, between Plaintiff and Defendant PGS-S. *Id.* at ¶¶ 7–11. Pursuant to that agreement,

PAGE 1 – OPINION AND ORDER

Plaintiff obtained an award of $2,116,351, plus interests and costs, from a London-based arbitration tribunal. *Id.* at ¶ 13. Plaintiff filed suit in this district because of a separate action filed by PGSC-MI—allegedly, an alter ego of PGS-S—against entities not involved in these proceedings. *Id.* at ¶¶ 4–6, 15–18; *see id.* at ¶ 42. In that case, *Pacific Gulf Shipping Co. v. Adamastos Shipping & Trading S.A., et al.*, No. 3:18-cv-02076-MO ("*Vigorous Shipping* action"), PGSC-MI obtained a Rule B maritime attachment, later substituted by $9.5 million on deposit with the Court.[1] *See id.* at ¶ 42.

Defendants have not appeared in this matter, and the Clerk entered the default of Defendants PGS-S and PGSC-MI on March 31, 2019. ECF 22; ECF 24. Afterward, Plaintiff moved for default judgment against PGS-S and PGSC-MI. ECF 26. On December 17, 2019, Magistrate Judge Stacie F. Beckerman issued her Findings and Recommendation ("F&R"), recommending that this Court grant Plaintiff's motion for default judgment. ECF 31. No party filed objections.

On February 28, 2020, this Court held a hearing on Plaintiff's motion for default judgment. ECF 34. At the hearing, Plaintiff's counsel indicated that she had not contacted local counsel representing PGSC-MI in the *Vigorous Shipping* action to advise them of these proceedings. Plaintiff agreed to contact counsel for PGSC-MI and file supplemental briefing in response to the Court's questions regarding personal jurisdiction and adequacy of notice. *Id*. Plaintiff filed its supplemental brief and two supporting declarations on March 13, 2020. ECF 35; ECF 36; ECF 37. Having reviewed those submissions, the Court now adopts Judge

---

[1] The *Vigorous Shipping* action is currently on appeal in the Ninth Circuit. *Pac. Gulf Shipping Co., et al. v. Vigorous Shipping & Trading S.A., et al.*, No. 20-35159.

Beckerman's F&R in full, as supplemented in this opinion and order, and grants Plaintiff's motion for default judgment.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte," whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

In the F&R, Judge Beckerman finds that Defendants PGS-S and PGSC-MI have an alter-ego relationship and recommends granting Plaintiff's motion for default judgment. ECF 31 at 5–6. However, the F&R does not address whether this Court has personal jurisdiction. *See id.* On a motion for default judgment, the court has an affirmative duty to determine whether it has jurisdiction over the defaulted party. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). "To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e. the jurisdiction, to enter the judgment in the first place." *Id.*

Plaintiff contends that this Court has personal jurisdiction over Defendants under "type two" *quasi in rem* jurisdiction.[2] ECF 26 at 12–13. "*Quasi in rem* jurisdiction exists when a plaintiff seeks to collect on an existing judgment by executing on the defendant's in-state property." *Cerner Middle E. Ltd. v. iCapital, LLC*, 939 F.3d 1016, 1021–22 (9th Cir. 2019). To enforce an arbitral award under *quasi in rem* jurisdiction "requires that (1) a court of competent jurisdiction rendered a judgment against [defendant], and (2) [defendant] owns property in the forum state." *See id.* at 1022 (citing *Office Depot Inc. v. Zuccarini*, 596 F.3d 696, 700 (9th Cir. 2010)). With the benefit of Plaintiff's supplemental briefing, the Court is satisfied that these requirements are met here.

First, the London tribunal had jurisdiction to render its judgment. PGS-S consented to the tribunal's jurisdiction pursuant to Clause 84 in the charter party. ECF 1-1 at 25. As regards PGSC-MI, the Ninth Circuit has held that personal jurisdiction over alter-ego entities may be analyzed as if they were a single entity. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1072 (9th Cir. 2015). Although *Ranza* involved *in personam* rather than *quasi in rem* jurisdiction, its reasoning remains applicable. *See id.* at 1071–73. ("When two organizations assume alter ego status, they effectively operate as a single, unified entity notwithstanding the superficial corporate boundaries between them. The consolidated entity is subject to jurisdiction in any forum where it operates regardless of which formal corporation maintains an in-forum presence." (citation omitted)). For the reasons set forth in the F&R, the Court concludes that PGS-S and PGSC-MI are alter-ego entities, and therefore, the London tribunal had jurisdiction to issue its judgment.

---

[2] "Tormented souls of first-year civil procedure will recognize this strain of jurisdiction as *quasi in rem* type II, where 'the plaintiff seeks to apply what he concedes to be the property of the defendant to the satisfaction of a claim against him.'" *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1127 n.8 (9th Cir. 2002) (quoting *Hanson v. Denckla*, 357 U.S. 235, 246 n.12 (1958)).

Second, Defendants' "chose in action" in the *Vigorous Shipping* action is property within the District of Oregon that establishes *quasi in rem* jurisdiction. The Ninth Circuit has observed that "the *sine qua non* of basing jurisdiction on a defendant's assets in the forum is the identification of some asset." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1127 (9th Cir. 2002). It is not enough for the plaintiff to believe in good faith that the defendant "has or will have assets located in the forum." *Id.* at 1128. However, in enforcing a valid judgment, it does not matter whether the asset is related to the subject of the instant dispute. *See id.* at 1127 (citing *Shaffer v. Heitner*, 433 U.S. 186, 210 n.36 (1977)). Nor does it matter that the asset is intangible property. *Zuccarini*, 596 F.3d at 700 (citing *Harris v. Balk*, 198 U.S. 215 (1905)).

Whether a form of intangible property can support *quasi in rem* jurisdiction is a matter of state law. *See Rush v. Savchuk*, 444 U.S. 320, 328 n.14 (1980) ("The conclusion that State Farm's obligation [to indemnify defendant] under the insurance policy was garnishable property is a matter of state law and therefore is not before us."). Under Oregon law, attachable property includes "monetary obligations owing to the debtor that are then in existence whether due or to become due[.]" O.R.S. 18.615; *see also Pierce v. Pierce*, 153 Or. 248, 253 (1936) (interpreting prior version of statute, and concluding that a "debt due from one person to another is a chose in action, and a chose in action is personal property"). Thus, the alleged debt owed to PGSC-MI in the *Vigorous Shipping* action—which is being litigated within this District—constitutes property within this forum under Oregon law.[3]

---

[3] Federal authorities similarly conclude that a chose in action is a form of personal property. *E.g., Standard Oil Co. v. State of N.J., by Parsons*, 341 U.S. 428, 439 (1951) ("There is no fiction, however, in the fact that choses in action, stock certificates and dividends held by the corporation, are property."); *GP Credit Co., LLC v. Orlando Residence, Ltd.*, 349 F.3d 976, 980 (7th Cir. 2003) ("One form of intangible property is a 'chose in action,' which in its classic sense

Finally, an assertion of *quasi in rem* jurisdiction must comply with due process. *See Shaffer*, 433 U.S. at 212. "In an action to execute on a judgment, due process concerns are satisfied, *assuming proper notice*, by the previous rendering of a judgment by a court of competent jurisdiction." *Zuccarini*, 596 F.3d at 700 (emphasis added) (citing *Shaffer*, 433 U.S. at 210 n.36)). Due process requires that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). "The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Id.* at 315.

Although Plaintiff served the pleadings on PGS-S (which has a registered agent in Oregon) and PGSC-MI (which does not), there was no indication at the time of the February 28 hearing that Plaintiff had informed counsel for PGSC-MI of this litigation. ECF 13; ECF 14; ECF 27; ECF 29. Therefore, the Court asked Plaintiff to notify the attorneys representing PGSC-MI in the *Vigorous Shipping* action of these proceedings. ECF 34; *see Mullane*, 339 U.S. at 317 (distinguishing between notifying known and unknown individuals). Declarations submitted by Plaintiff's counsel demonstrate that Plaintiff has contacted PGSC-MI's attorneys, and that PGSC-MI has actual notice of these proceedings. Vacura Decl., ECF 36; Scheidegger Decl., ECF 37. Although PGS-S and PGSC-MI have not appeared in this action, this Court is satisfied that Plaintiff has provided adequate notice to these defendants.

---

is a legal claim, that is, something on which an 'action' (a lawsuit) might be founded, such as a right to recover a debt.").

After reviewing the F&R, the Court finds no error and adopts it in full. For the reasons set forth in the F&R, this Court concludes that PGS-S and PGSC-MI are alter-ego entities and grants Plaintiff's motion for default judgment.

## CONCLUSION

The F&R, ECF 31, is adopted in full. Plaintiff's motion for default judgment, ECF 26, is GRANTED. The Court will enter judgment against Defendants PGS-S and PGSC-MI and award damages in the amount of $2,240,809.94.

**IT IS SO ORDERED.**

DATED this 31st day of March, 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge